UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEXANDER WALLS,<br><br>          Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | CASE NO. 3:16-CV-05799-RJB<br><br>3:11-CR-05408-RJB<br><br>ORDER ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

THIS MATTER comes before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Dkt. 1). The Court has considered Respondent's Response (Dkt. 12), Petitioner's Reply[1] (Dkt. 13), the record of the underlying criminal case, *United States v. Walls*, 3:11-cr-05408-RJB (W.D.Wash.), the record in the Ninth Circuit appeal

---

[1] The Court construes this briefing as the Reply. Petitioner entitled the document, "Petitioners [*sic*] Reply to Courts [*sic*] Order Granting Extension for United States' Response to Defendants [*sic*] §2255 Petition," but the brief does not address the Government's Emergency Motion for Extension of Time to File Answer (Dkt. 10) and instead raises substantive §2255-type issues.

of the underlying criminal case, *United States v. Walls*, Case No. 13-30223, and the remainder of the file herein.

Petitioner seeks 28 U.S.C. §2255 habeas corpus relief from his conviction of seven counts rendered by a jury for crimes relating to sex trafficking and transportation of minors. As discussed below, on all grounds raised, the motion should be denied, and the certificate of appealability should not be issued.

## **BACKGROUND**

A. Facts.[2]

On August 2, 2011, Mr. Alexander Walls was charged by complaint with two counts relating to conduct with a minor female, G.H.: (1) Interstate Transportation of a Child for the Purposes of Prostitution, 18 U.S.C. § 2324(a), and (2) Witness Tampering, 18 U.C.C. § 1512(b)(1). Dkt. 1. Mr. Roger Hunko was appointed to represent Mr. Walls. Dkt. 4. On August 4, 2011, following an initial appearance, Mr. Walls was remanded into custody, where he remained after bond was denied by hearing held on August 9, 2011. Dkts. 6, 8, 9. On August 26, 2011, Mr. Walls was indicted and arraigned on both counts, to which he pled not guilty, and his jury trial was set for 45 days following, on October 11, 2011. Dkt. 15.

On September 28, 2011, the Government filed the First Superseding Indictment, which added additional charges and another co-defendant, Mr. Reginald Irvin. Dkt. 17.

On September 30, 2011, Mr. Hunko filed a motion to suppress evidence derived from an allegedly unlawful traffic stop in violation of the Fourth Amendment. Dkts. 25, 26.

---

[2] Docket references within this section refer to the underlying criminal case, *United States v. Walls*, 3:11-cv-05408-RJB (W.D.Wash).

1    On October 6, 2011, the Court found good cause to continue the trial date two weeks, to
2 October 24, 2011, in light of "the new charges in the First Superseding Indictment, and the new
3 co-defendant [Mr. Irvin] who has yet to enter his appearance . . . and to ensure Defendant Wall's
4 assertion of his speedy trial rights." Dkt. 35 at 2, 3. *See also*, Dkt. 33.

5    On October 12, 2011, Mr. Walls filed a motion to sever trial from the co-defendant, Mr.
6 Irvin, and a motion to take the deposition of G.H. Dkts. 45, 46. At a Status Hearing on October
7 13, 2011, the Court reset trial to January 9, 2012 and the pending suppression motion hearing to
8 November 18, 2011. Dkts. 47, 48.

9    On October 24, 2011, the Court denied Mr. Walls' motion to sever trial and motion to
10 take the deposition of G.H. Dkts. 53, 54. On November 1, 2011, Mr. Walls filed a Second
11 Motion to Compel the Deposition of G.H. Dkt. 55. The Court denied that motion, along with the
12 underlying suppression motion, following testimony and oral argument at a hearing held on
13 November 18, 2011. Dkt. 57. *See* Dkt. 74 (transcript of proceedings).

14    On December 22, 2011, Mr. Walls was arraigned on the Second Superseding Indictment.
15 Dkt. 61. On that date, the Court also continued the jury trial to April 9, 2012, finding good cause
16 to continue based on the need for defense to adequately prepare for a trial "of some complexity."
17 Dkt. 74.

18    On March 30, 2012, the Court granted a motion by Mr. Hunko to withdraw, and Tom
19 Cena was appointed counsel to Mr. Walls. Dkts. 75, 81, 93. Ruling on a motion to continue the
20 trial date filed by Mr. Irvin, the Court continued trial to July 23, 2012, based on a finding of good
21 cause and "all parties' agreement to some continuance in open court." Dkts. 82, 93, 95. Also on
22 March 30, 2012, the Government filed the Third Superseding Indictment, although Mr. Walls
23 was not arraigned on the charges until July 2, 2012. Dkts. 93, 107. The Third Superseding
24

Indictment charges Mr. Walls with Conspiracy to Transport a Juvenile Female (G.H.) for Prostitution, 18 U.S.C. §§371 and 2324(a); Interstate Transportation of a Juvenile Female (G.H.) for Prostitution, 18 U.S.C. § 2423(a); Witness Tampering of G.H., 18 U.S.C. §§ 1512(b)(1) and (b)(3); Conspiracy to Engage in Sex Trafficking of H.A. by Force, Fraud, and Coercion, 18 U.S.C. §§1591(b)(1) and 1594; and three counts of Sex Trafficking through Force Fraud, and Coercion of H.A., S.G., and C.F., 18 U.S.C. §§2, 1591(a)(2) and (b)(1). Dkt. 87.

Also on July 2, 2012, the Court held a hearing to address a second motion to continue trial filed by Mr. Irvin. Dkt. 105. Mr. Walls objected to the motion. Dkt. 107. The Court orally granted the motion and continued trial to November 5, 2012. In a written ruling following the hearing, the Court noted that Mr. Irvin had filed a speedy trial waiver. Dkt. 108 at 2. Finding good cause for the continuance, the Court also reiterated the procedural posture of the case and pointed to the need for Mr. Irvin's counsel, recently-appointed on June 13, 2012, to become familiar with the case so that, *inter alia*, the defendants could "work together on matters of common concern." *Id.*

Prior to trial, Mr. Walls, through his attorney Mr. Cena, filed a motion to reconsider the denial of the motion to suppress, Dkt. 129, *see* Dkts. 25, 57, 74, and a motion to sever one of three sex trafficking counts from the rest of the case. Dkts. 137, 138. The Court denied both motions. Dkts. 145, 146. Also prior to trial, Mr. Irvin pled guilty. Dkts. 131, 132.

Mr. Walls' jury trial commenced on November 5, 2012. Dkt. 159. Following a 13 day trial, which included testimony by G.H. on three days of trial, the jury convicted Mr. Walls on all seven counts. Dkt. 205. The Court sentenced Mr. Walls to 23 years of imprisonment plus 5 years of supervised release. Dkt. 277.

Mr. Walls appealed his conviction to the Ninth Circuit on the basis that the jury instructions incorrectly stated the law as to the "in or affecting interstate commerce," under circumstances where none of the victim-prostitutes had left the state of Washington. *United States v. Walls*, Dkt. 13-1, Case No. 13-30223. The Ninth Circuit rejected this argument, pointing to "money, credit cards, and condoms" as evidence of "flow of money in the stream of commerce." *Id*. at Dkt. 55-1 at 11. The court held that "[c]onsistent with the outer limits of the commerce power . . . any individual instance of conduct regulated by the [criminal statute] need only have a *de minimis* effect on interstate commerce." *Id*. The United States Supreme Court denied Mr. Walls' request for *certiorari*. *Id*. at Dkt. 59.

B.  <u>Habeas relief requested.</u>

Petitioner raises four primary grounds for relief: (1) ineffective assistance of counsel by Roger Hunko; (2) lack of jurisdiction; (3) insufficient evidence of element 2 ("child") and element 3 ("purposes of prostitution") in certain counts; and (4) violation of speedy trial rights. Dkt. 1 at 4-9. Petitioner also raises two other grounds for relief ("other grounds for relief"), found within the same paragraph, quoted here verbatim:

> Grounds for a new trial due to me not being able to call witnesses on my behalf although I did make a list at trial for the court to subpoena these witnesses. There were about 29 or 30 altogether although none of them were ever made available to testify on my behalf except my little sister Shatara Walls. Even my investigator Becky Durkee was subpoenaed but was not made to show up. Also, the fact that my attorney Tom Cena prejudiced me by saying to the jury that I was guilty during the beginning of his closing arguments.

[*sic*] *Id*. at 9.

Petitioner's Reply also raises two issues: that (1) evidence used at trial should have been suppressed based on the initial traffic stop, which was illegal (Dkt. 13 at 1-3), and (2) there was

not sufficient evidence in the "prostitution related charges" that Petitioner knowingly received money from prostitution activity (Dkt. 13 at 3-6).

## DISCUSSION

A. <u>28 U.S.C. § 2255 Standard of Review.</u>

Under 28 U.S.C. § 2255,

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

The burden of proof is on the petitioner to show by a preponderance of the evidence why he or she is entitled to collateral relief. 16 Fed. Proc., L. Ed. §41:511. In evaluating each claim in the petition, the court applies the relevant legal standard specific to that claim (e.g. "cause and prejudice" procedural default standard, *Strickland* ineffective assistance of counsel standard).

B. <u>Threshold Procedural Issues and Standards for Relief.</u>

**1. Time-barred?**

Respondent concedes that the petition is timely and not time-barred. Dkt. 12 at 4.

**2. Procedurally barred?**

Procedural bars are addressed with respect to each of the grounds raised for relief. In general, claims brought under § 2255 are procedurally barred where they have not previously been raised on direct review, except where the petitioner can show either "cause" and "prejudice" or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). "The 'cause and prejudice' test for excusing the failure to raise a claim on direct appeal will apply, for example, where the claim rests upon a new legal or factual basis that was unavailable at the time of direct appeal, or where interference by officials may have prevented the claim from

being brought earlier." *United States v. Braswell*, 501 F.3d 1147, 1149-50, citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986) (quotations omitted). A showing of "prejudice" requires demonstration "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting the entire trial with error of constitutional dimensions." *Id*., citing *United States v. Frady*, 456 U.S. 152, 170 (1982) (quotations omitted). Ineffective assistance of counsel claims are excluded from the "cause and prejudice" procedural bar, and they may be brought in a collateral proceeding regardless of whether they were brought on direct appeal. *Id*. at FN1, citing to *Massaro v. United States,* 538 U.S. 500, 505 (2003).

### 3. Discovery necessary?

"A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999)(*internal citations omitted*).  Rather, discovery may be authorized for good cause, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramly,* 520 U.S. 899, 908-909 (1997); *Sivak v. Hardison,* 658 F.3d 898, 927 (9th Cir. 2011).

In this case, Petitioner has not requested an evidentiary hearing or discovery, nor has Petitioner alleged facts that, if true, would entitle him to such relief. *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003). *See* Section C below. Discovery is not necessary.

C. Grounds for Relief.

### 1. Ineffective assistance of counsel by Roger Hunko.

According to Petitioner, Mr. Hunko was ineffective counsel because (a) he failed to demand *Brady* material "in regards to motion to suppress concerning traffick [*sic*] stop"; (b) he

did not make G.H. available by subpoena although she was in custody; (c) and he failed to properly note and take victim G.H.'s deposition. Dkt. 1 at 4. Petitioner argues that, in the absence of Mr. Hunko's mistakes, the traffic stop "would have revealed that my constitution [*sic*] rights was violated in the 4th Amendment." *Id*.

A claim of ineffective assistance of counsel requires a petitioner to demonstrate (1) that the defense attorney's representation fell below an objective standard of reasonableness, and (2) that the attorney's deficient performance so prejudiced the defendant that there is a reasonable probability that, but for the errors, the result of the proceeding would have been different. *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007); *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Courts considering ineffective assistance claims owe a "strong presumption" that counsel's representation fell within the "wide range" of reasonable professional assistance. *James v. Schriro*, 659 F.3d 855, 879-80 (9th Cir. 2011); *Strickland*, 466 U.S. at 689.

Defense counsel is not required to instruct a defendant in the theory behind each defense if those defenses are not applicable to the defendant's case. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "The Sixth Amendment does not require that counsel do what is impossible or unethical. If there is no bona fide defense to the charge, counsel cannot create one." *United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984). Even if a potentially viable defense did exist, "[t]he law does not require counsel to raise every available nonfrivolous defense." *Knowles v. Mirzayance,* 129 S.Ct. 1411, 1422 (2009). An attorney may reasonably choose not to pursue a particular defense, and "is not required to have a tactical reason . . . beyond a reasonable appraisal of a claim's dismal prospects." *Id*.

Applied here, Petitioner has not made the requisite showing for an ineffective assistance of counsel claim. First, considering the issue of Mr. Hunko's failure to demand *Brady* material

1  "in regards to motion to suppress concerning traffick [*sic*] stop," the claim fails at the outset,

2  because the Petition does not provide sufficient facts to explain what the *Brady* material was.

3  Without that factual context, the Court cannot effectively consider whether Mr. Hunko's conduct

4  fell below the objective reasonableness standard and whether the outcome of the case would

5  have been different. Further, the record shows to the contrary—that Mr. Hunko made a thorough

6  Fourth Amendment challenge of the traffic stop, where he briefed the issue, cross-examined the

7  officers, and offered oral argument. Dkts. 25, 74,  And prior to trial, after Mr. Hunko was

8  permitted to withdraw as counsel, Mr. Cena submitted a motion to reconsider the same issue, so

9  Mr. Walls had the benefit of two attorneys attacking the same issue. *See* Dkt. 129. Petitioner

10 provides no new factual or legal basis that would change this Court's prior findings.

11       Next, considering whether Mr. Hunko's failure to "make G.H. available by subpoena

12 although she was in custody" meets the requisite showing under *Strickland*, the claim should be

13 denied. There is no showing that Mr. Hunko's performance fell below the objective standard of

14 reasonableness, especially where he filed *two* motions to compel G.H.'s testimony. Dkts. 45, 55.

15 In criminal cases, deposing witnesses prior to trial is generally disfavored, except to preserve

16 testimony at trial, *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000), and the Court—

17 not Mr. Hunko—denied the deposition requests. Further, even if the briefing was flawed and fell

18 below the requisite standard, Petitioner cannot show prejudice, because G.H. testified at trial for

19 three days. Mr. Walls ultimately had the opportunity to cross-examine the witness. Dkts. 233-35.

20       Finally, the claim fails as to the allegation that Mr. Hunko's representation was deficient

21 for his failure to "properly note and take victim G.H.'s deposition." As discussed, Mr. Hunko

22 filed two motions to compel the deposition (Dkts. 45, 55), which were denied by the Court, so he

23 *could not have* deposed G.H., in spite of his efforts. Assuming that a reasonably competent

24

1  attorney could have persuaded the trial court otherwise, however, there is no showing of
2  prejudice, because G.H. testified at trial. Dkts. 233-35.
3      Petitioner has not met his burden under *Strickland*, so the claim for ineffective assistance
4  of counsel by Mr. Hunko should be denied.
5      **2. Lack of jurisdiction.**
6      Petitioner argues that "all of my charges were strictly state charges and should have never
7  went federal," and that "all evidence used . . . in trial all came from my state charges." Dkt. 1 at
8  5.
9      The Petition does not articulate why the trial court lacked jurisdiction. On this basis
10 alone, the claim should be denied. It could be that Petitioner is attempting to collaterally raise an
11 argument made to the Ninth Circuit, namely, that there was insufficient evidence of "interstate
12 commerce," because none of the prostitutes left the state of Washington. The Ninth Circuit
13 rejected this argument, because evidence at trial showed that the prostitutes used money, credit
14 cards, and condoms, which the Ninth Circuit affirmed was sufficient evidence of "flow of money
15 in the stream of commerce." *See United States v. Walls*, Case No. 13-30223, Dkt. 55-1 at 11, 12.
16 Petitioner points to no new evidence, error of law, or case law that could shed light on how the
17 Ninth Circuit erred in its holding. Petitioner has not met his burden. The claim should be denied.
18     **3. Insufficient evidence.**
19     Petitioner argues that there was insufficient evidence that G.H. was a "child" for purposes
20 of certain charges, because "Black Laws Dictionary states that a child is 14 yrs or younger,"
21 whereas the federal law applied at trial allowed for age 17 to be considered a "child." Dkt. 1 at 6.
22 Petitioner also argues that there was insufficient evidence of "for the purpose of prostitution"
23 element for purposes of certain charges, because Petitioner "purchased a bus ticket for [G.H.] for
24

ORDER ON PETITIONER'S MOTION UNDER 28
U.S.C. § 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE- 10

. . . marriage and romantic relationship" and "prostitution only happened by accident once we were kicked out of my mothers [*sic*] house and sleeping in the back seat of a car." *Id*.

This claim is procedurally barred. The claim was not raised to the Ninth Circuit, and even if Petitioner could show prejudice, Petitioner has not pointed to any cause for the delay in raising the issue, for example, by pointing to new evidence or case law not available prior to appeal. The fact that one dictionary defines "child" differently from the definition used at trial (which was derived from the relevant criminal statute, 18 U.S.C. § 2423(a)), is an insufficient challenge. Concerning the "purposes of prostitution" challenge by Petitioner, even if the issue were not procedurally barred, the claim fails because Petitioner's admission that "prostitution only happened by accident" concedes that prostitution occurred. Petitioner has not met his burden. The claim should be denied.

**4. Speedy trial violation.**

According to the Petition, Petitioner "objected to all continuances during pretrial proceedings and never waived any of my pretrial rights," and Petitioner "never got a chance to enter a plea during 3rd Superseding Indictment (on the record) until 5 months later." *Id*.

This claim is procedurally barred because it was not raised on direct appeal. Petitioner offers no "cause" to explain the delay in raising the issue, nor has he made any showing of prejudice, and "vague claim[s] are wholly insufficient to establish prejudice. *United States v. Owen,* 580 F.2d 365, 368 (9th Cir. 1978). Even if Petitioner could get past the procedural bar, the record shows thorough and repeated consideration and discussion of the speedy trial clock. *See, e.g.,* Dkt. 299. Petitioner has made no showing otherwise. In fact, on at least one occasion Mr. Walls affirmatively requested a trial continuance himself. *See e.g.*, Dkt. 294 at 8 (transcript of

ORDER ON PETITIONER'S MOTION UNDER 28
U.S.C. § 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE- 11

1  Sept. 30, 2011 hearing). *But see also*, Dkt. 299 at 7, 8. Petitioner has not met his burden. The

2  claim should be denied.

3      **5.  Other grounds.**

4      In a single paragraph of the Petition, two other grounds are raised for habeas relief. Dkt. 1

5  at 9. Neither was raised on direct appeal, so they are both procedurally barred. Were the grounds

6  raised not procedurally barred, they are still without merit, and Petitioner does not overcome the

7  "cause and prejudice" hurdle. First, Petitioner claims that there were "29 or 30" witnesses that

8  were not made testify on his behalf, but Petitioner makes no showing of prejudice, e.g., by

9  explaining how their testimony would have changed the outcome of the trial. Second, Petitioner

10 claims that his attorney, Tom Cena, "prejudiced me by saying to the jury that I was guilty during

11 . . . closing arguments," but as the Government points out, Mr. Cena made the comment by

12 accident. The context of Mr. Cena's remarks came while discussing burdens of proof and the

13 presumption of innocence:

> And the presumption of innocence goes along with something called the burden of proof. The burden of proof is the standard, and the standard of proof in a criminal case is proof beyond a reasonable doubt, which if any of you have been involved or participated in a jury in a civil case, you know that's a much higher burden of proof than proof by a preponderance, which would be in the case of a civil matter.
> **So Mr. Walls comes in here guilty. Excuse me – not guilty**, and he is entitled to the presumption of innocence, and the government is required to prove anything, any of the elements or all of the elements of each charge beyond a reasonable doubt.

Dkt. 247 at 39 (emphasis added).

    In his Reply, Petitioner also raises two other bases for relief, but because neither was raised in the Petition, they should not be considered. *See* Dkts. 1, 13. Even if the claims had been raised in the Petition, neither was raised on direct appeal, and Petitioner makes no effort to explain the cause for delay, so they are procedurally barred.

1  As to other claims raised, Petitioner has not met his burden. Other claims raised should
2  be denied.

3  D. <u>Certificate of Appealability.</u>

4  Pursuant to Rule 9 of the Rules Governing Section 2255 Proceedings for the United
5  States District Courts, the Court must determine whether to issue a Certificate of Appealability
6  when the Court enters a final order adverse to a petitioner. The district court should grant an
7  application for a Certificate of Appealability only if the petitioner makes a "substantial showing
8  of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of
9  Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that
10 reasonable jurists could debate whether, or agree that, the petition should have been resolved in a
11 different manner or that the issues presented were adequate to deserve encouragement to proceed
12 further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

13 The Court is dismissing this case on the merits (*see* Section C above), because
14 Petitioner's claims are without merit. He has not made a substantial showing of the denial of a
15 constitutional right. Reasonable jurists could not debate whether, or agree that, the petition
16 should have been resolved in a different manner; the issues raised are not adequate to deserve
17 encouragement to proceed further; and jurists of reason would not find it debatable whether the
18 court was correct in its rulings. Therefore, a Certificate of Appealability should be denied.

19 **A. ORDER**

20 Accordingly, it is hereby ORDERED that:

21 (1) Petitioner Alexander Walls' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or
22     Correct Sentence by a Person in Federal Custody (Dkt. 1) is DENIED WITH
23     PREJUDICE.

24

(2) A Certificate of Appealability is DENIED.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of March, 2017.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge